[No. 5334.]

## EGBERT JUDSON v. GEORGE K. PORTER ET AL.

NOTARY PUBLIC—CORRECTION OF DEFECTIVE CERTIFICATE TO DEED.—An action to correct a defective certificate of a Notary Public of the acknowledgment by a married woman of her execution of an instrument purporting to be a conveyance of her separate real property, cannot be maintained under secs. 1202 and 1203 of the Civil Code, when the defective certificate was made prior to the enactment of that Code.

APPEAL from the District Court of the Nineteenth Judicial District, San Francisco County.

The action was brought for the purpose of reforming the Notary's certificate of acknowledgment annexed to the deed of Foley and wife to Brannan and others, which this Court held to be invalid in the cases of *Ewald* v. *Corbett*, 32 Cal. 493, and *McLaren* v. *Benton et al.* 31 Cal. 29; 43 Cal. 472, 473. The complaint alleges—and the Court so found—that Mrs. Foley sold the property, received the consideration, signed the deed, and was examined and made the acknowledgment in the form required by law to pass the estate of married women; but that the Notary neglected to set forth these facts in his certificate.

The plaintiff had judgment, and defendants appealed.

*B. S. Brooks*, for Appellants.

1. The Court had no jurisdiction to grant the relief sought. "A Notary derives his power to take and certify acknowledgments to deeds from the statute. He acts as under a special commission for that particular case, clothed with limited statu-

tory power.   He is to take the acknowledgment and certify it
as a part of the same transaction.   After taking the acknowl-
edgment and making and delivering the return, his functions
cease, and he is discharged from all further authority, and can-
not alter or amend his certificate."   (*Bours* v. *Zachariah*, 11
Cal. 281; *Elliott* v. *Piersoll*, 1 Peters, 341.)   Nor can a Court
authorize the officer to amend his certificate.   (*Elliott* v. *Pier-
soll*, 1 Peters, 328.)   The only evidence that there can be of a
married woman's consent to the deed is the certificate of the
officer.   It cannot be supported by intendment or construction,
nor can the defect in the certificate be helped by oral testimony.
(*Elwood* v. *Klock*, 13 Barb. 55; *Stanton* v. *Button*, 37 Conn.
527; *Pendleton* v. *Button*, 3 Conn. 406; *Hayden* v. *Wescott*,
11 Conn. 129; *Watson* v. *Bailey*, 1 Binn. 470; *Evans* v. *Com-
monwealth*, 4 Serg. & R. 271; *Watson* v. *Mercer*, 6 Serg. & R.
48; *Jordan* v. *Jordan*, 9 Serg. & R. 270; *Harty* v. *Ladd*, 3
Oreg. 353; *Carney* v. *Hopple*, 17 Ohio St. 39; *Lindley* v.
*Smith*, 46 Ill. 523.)   It cannot be falsified by the officer who
made it. (*Stone* v. *Montgomery*, 35 Miss. 83; *Wright* v. *Bundy*,
11 Ind. 398; *Hartley* v. *Frosh*, 6 Tex. 208.)   A Court of Chan-
cery has no power to compel a married woman to correct her
insufficient acknowledgment.   (*Barrett* v. *Tewksbury*, 9 Cal. 13;
*Selover* v. *A. R. Com. Co.* 7 Cal. 266; *Townsley* v. *Chapin*, 12
Allen, 476.)   A Court of Chancery has no power itself to cor-
rect the certificate.   (*Word* v. *Cochrane*, 39 Vt. 544; *Central
Bank* v. *Copeland*, 18 Md. 305; *O'Farrell* v. *Simplot*, 4 Iowa,
381.)

2.   The judgment rendered is of no avail.

The law, as it stood when this deed was executed, required a
certificate to pass the title.   Neither the deed, nor the acknowl-
edgment, nor both, would pass the title.   " Sec. 19.   A married
woman may convey any of her real estate, by any conveyance
thereof executed and acknowledged by herself and her hus-
band, and certified in the manner hereinafter provided by the
proper officer taking the acknowledgment."   See also secs. 20,
21, 22, 23, Wood's Dig. 104, and act concerning husband and
wife, sec. 6, Wood's Dig. 488.

There is no general jurisdiction in the Court of Equity to

alienate or transfer the estates of married women.    All these
statutes giving power to married women to convey are enabling
acts, and the mode is the measure of the power.    If the law is
complied with, the title passes; if not, it does not.    The Court
cannot convey.    Its province is *jus dicere, non jus dare.*    It can
declare the effect of the acts, and that is the limit of its power.

The deed itself is inoperative.    It is not merely a defect of
proof; but there is, in fact, no deed unless it is certified.
(*Ewald* v. *Corbett,* 32 Cal. 266; *Bartlett* v. *Fleming,* 3 W. Va.
163; *Love* v. *Watkins,* 40 Cal. 547.)

3.    The Code does not confer authority upon the District
Court to amend such acknowledgments.

It should be noted that now the Code does not require a cer-
tificate to make the conveyance of a married woman effectual.
(See secs. 1093, 1186, 1187, 1191, 1217.)    So that when it
provides, as in sec. 1202, that the District Court may correct
the certificate, it does not attempt to give authority to the
Court to make a conveyance.    (See secs. 1203, 1204, 1206.)
But sec. 1205 provides "the legality of the execution, acknowl-
edgment, proof, form, or record of any conveyance, or other in-
strument heretofore made, executed, acknowledged, proved, or
recorded, is not affected by anything contained in this chapter,
but depends for its validity and legality upon the laws then
existing.    All laws are to be construed prospectively, unless an
intent to give a retroactive effect is expressed by the Legisla-
ture, and so the Code expressly provides.    (Civil Code, sec. 3;
Sedgwick on Const. and Statu. Con. 194–7, 681–3; *Dash* v.
*Van Keech,* 7 John. 477; *Bay* v. *Gage,* 36 Barb. 448; *Burch*
v. *Newbury,* 10 N. Y. 393; *Denny* v. *Mattens et al.* 2 Allen,
380–1.)

*W. H. Patterson, Winans & Belknap,* for Respondent.

1. The legislation (Civil Code, secs. 1202, 1204) permitting
a certificate of acknowledgment to be attached to said deed,
and the same to be recorded, is valid, and supported by *Dentzel*
v. *Waldie,* 30 Cal. 138; *Townsend* v. *Tallant,* 33 Cal. 45; 1
Duval, 354; *Savings Bank* v. *Allen,* 28 Conn. 97; *Goshen* v.

*Stonington*, 4 Conn. 210; *Brenton* v. *Severs*, 12 Iowa, 389; 36 Pa. St. 56; *Moore* v. *Patch*, 12 Cal. 265; *Cowell* v. *Doub*, 12 Cal. 273; Sedgwick on Statutes, 199; 16 Ohio, 599; 11 Ohio N. S. 641; 6 Clarke, 306, 330; 3 Wall. 331; *Oakland* v. *Carpentier*, 21 Cal. 642; *Rice* v. *Parkman*, 16 Mass. 326; *Wallace* v. *Moody*, 26 Cal. 387; 27 Mo. 354; 7 Cranch. 477.

The secs. 1202–4 Civil Code were *prospective*, because they applied to actions to be brought, and were not *retroactive* in the technical sense of that term, because they applied to then existing deeds executed before the Code. (*Webb* v. *Den*, 17 How. U. S. 576; *Rich* v. *Flanders*, 39 N. H. 327, and cases cited; Stats. 1860, p. 179, secs. 1–7; Civil Code of 1871, as reported by the Codifiers, sec. 1192, p. 245, and note thereto attached by the Codifiers; *Bensley* v. *Ellis*, 39 Cal. 309–314; *Wallace* v. *Moody*, 26 Cal. 392.)

2. That these sections of the Code are not retroactive. (See *Rice* v. *Flanders*, 39 N. H. 319; *Webb* v. *Den*, 17 How. 576; *Brandon* v. *Green*, 7 Humph. 131; *Tully* v. *Tranor*, *ante*, p. 274; *Vanzant* v. *Waddel*, 2 Yerg. 260; *Richardson* v. *Monson*, 23 Conn. 98; *Moore* v. *Martin*, 38 Cal. 439; *Thorne* v. *San Francisco*, 4 Cal. 162, Heydenfeldt J.; Cooley on Limitations, 367–8, 373–381; *Hepburn* v. *Curtis*, 7 Watts, 300; *Gibson* v. *Hubbard*, 13 Mich, 215; *State* v. *Norwood*, 12 Md. 195; *Bacon* v. *Callendar*, 6 Mass. 309; *Butler* v. *Palmer*, 1 Hill, 324; *Watson* v. *Mercer*, 8 Pet. 88; *Mather* v. *Chapman*, 6 Conn. 54; *Downer* v. *Palmer*, 23 Cal. 47; *Bensley* v. *Ellis*, 32 Cal. 312; *Schentz* v. *Comm.* 36 Pa. 58; *Hope* v. *Johnson*, 2 Yerg. 125.)

By the Court, McKinstry, J.:

Secs. 1202 and 1203 of the Civil Code are as follows: "1202. When the acknowledgment or proof of the execution of an instrument is properly made, but defectively certified, any party interested may have an action in the District Court to obtain a judgment correcting the certificate." "1203. Any person interested under an instrument entitled to be proved for record may institute an action in the District Court against the proper parties, to obtain a judgment proving such instrument."

The question here presented is, whether, under these sections, an action can be maintained to correct the notarial certificate of the acknowledgment by a married woman of the execution of an instrument purporting to convey her separate real property, made *prior* to the adoption of the Civil Code.

At the date the defective certificate was made, sec. 19 of the Act of April 16th, 1850, "concerning conveyances," declared the law : "A married woman may convey any of her real estate by any conveyance thereof, executed and acknowledged by herself and her husband, and *certified* in the manner hereinafter provided, by the proper officer taking the acknowledgment."

It was always held here that statutes like this were to be considered as relaxing the rule in respect to the incapacity of married women, and that the wife, therefore, could dispose of or incumber her real estate only to the extent and in the mode authorized by such statutes.

By the language of the 19th section, above cited, she could convey only by means of the signature, acknowledgment, *and certificate*. Neither the writing, nor the acknowledgment, nor both, passed the title. The deed was not fully *executed* until the proper certificate was attached.

Sec. 1205 of the Civil Code (which is found in the same chapter with 1202 and 1203) provides: "The legality of the execution, acknowledgment, proof, form, or record of any conveyance or other instrument made before this Code goes into effect, executed, acknowledged, proved, or recorded, is not affected by anything contained in this chapter, but depends for its validity and legality upon the laws in force when the act was performed."

By its terms this section provides that the legality of the *execution* of an instrument made before the Code shall not be *affected* by anything contained in secs. 1202 and 1203, but must depend upon the laws in force when the act was performed. It is impossible to construe this section but as declaring that no part of the chapter should be held *proprio vigore* to validate an execution invalid when it was attempted; and sec. 1205 (which refers to the whole chapter) can have *no* application to secs.

1202 and 1203, unless its effect is to prohibit any proceeding under those sections to make good a defective execution of an instrument attempted prior to the Code.   The expressions, "the legality is not affected," and "the legality depends upon the laws then in force," are very broad when applied to the execution of an instrument.   It could hardly be said that nothing in the chapter affected the execution of an instrument, if by virtue of the provisions contained in the chapter a proceeding could be taken to render perfect an execution previously defective, and therefore of no effect.   In such case the legality of the execution would be affected by something in the chapter the moment proceedings to affect its validity were commenced under sections of the chapter.

The conclusion is that an action to correct a defective certificate of a Notary Public of the acknowledgment by a married woman of her execution of an instrument purporting to be a conveyance of her separate real property, cannot be maintained under secs. 1202 and 1203 of the Civil Code, when the defective certificate was made prior to the enactment of that Code.

Judgment and order reversed.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this cause.